In the Matter of the Application of LUCILLE NICOL for an Alternative Order of Prohibition against the COMMISSIONER OF EDUCATION OF THE STATE OF NEW YORK, to Restrain Him from Entertaining or Acting upon an Appeal Filed with Him under Section 890 of the Education Law by IRA S. WILE.

LUCILLE NICOL and THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellants; COMMISSIONER OF EDUCATION OF THE STATE OF NEW YORK and IRA S. WILE, Respondents.

Third Department, January 16, 1925.

Schools — application for alternative prohibition order to restrain State Commissioner of Education from entertaining appeal from action of board of education of New York city in appointing district superintendent of schools — petitioner, taxpayer residing in New York city, had right to appeal under Education Law, §§ 890 and 891 — fact that State Commissioner of Education gave opinion under Education Law, § 94, at time of proposed appointment that person appointed was not qualified does not deprive him of jurisdiction.

A taxpayer and resident of the city of New York has the right, under sections 890 and 891 of the Education Law, to appeal to the State Commissioner of Education from the action of the board of education of the city of New York in appointing a district superintendent of schools, for he is a " person conceiving himself aggrieved."

The fact that the State Commissioner of Education was called upon to and did render an opinion as required by section 94 of the Education Law at the time of the proposed appointment that the candidate was not qualified to act as district superintendent of schools, does not disqualify the Commissioner or deprive him of jurisdiction of the appeal in question.

APPEAL by petitioner, Lucille Nicol, and by The Board of Education of the City of New York, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Albany on the 31st day of July, 1924, denying petitioner's motion for an alternative order of prohibition, pursuant to section 1342 of the Civil Practice Act, restraining the Commissioner of Education of the State of New York from entertaining, proceeding with or acting upon the petition or appeal filed with him herein by Ira S. Wile, whereby it is sought to have the appointment of the petitioner held invalid and to have her declared ineligible for the position of district superintendent of schools of the city of New York.

*George P. Nicholson, Corporation Counsel* [*Thomas W. A. Crowe* of counsel], for the appellant Board of Education.

*Meier Steinbrink* and *Frank E. Johnson,* for the petitioner, appellant.

*Frank B. Gilbert,* for the respondent Commissioner. of Education.

*Charles P. Howland* and *Bertram F. Shipman,* for the respondent Ira S. Wile.

H. T. KELLOGG, J.:

The petitioner, Lucille Nicol, on or about November 28, 1923, was appointed a district superintendent of schools of the city of New York. The petitioner did not possess the qualifications for the position prescribed by chapter 786 of the Laws of 1917, whereby section 869 was added to the Education Law. She did have the qualifications prescribed by section 40 of the by-laws of the board of education of the city of New York in effect when the law of 1917 was passed. That law contained a saving clause which the petitioner claims provided for a continuance of the by-law, and which the other parties to the proceeding claim did not so provide. The validity of the appointment of the petitioner, Lucille Nicol, hangs exclusively on the proposition that the by-law was continued. Ira S. Wile, one of the respondents, was a resident and taxpayer of the city of New York at the time of the appointment of the petitioner. He took an appeal from the action of the board of education in appointing Lucille Nicol to the respondent, the Commissioner of Education of the State of New York. This application was then made for an order of prohibition restraining the Commissioner of Education from entertaining the appeal. The application was denied.

The case seems to me to present no difficulty whatsoever. Section 890 of the Education Law (as re-num. from § 880 by Laws of 1918, chap. 252) provides that " any person conceiving himself aggrieved may appeal or petition to the Commissioner of Education who is hereby authorized and required to examine and decide the same." The section then proceeds to specify the various subjects to which the appeal may properly relate. It is specifically provided therein that there may be an appeal from " any other official act or decision of any officer, school authorities, or meetings concerning any other matter under this chapter, or any other act pertaining to common schools." The act of the board of education in appointing the petitioner a district superintendent was certainly one of the acts included within the description of the acts from which an appeal may be taken. It is immaterial whether the petitioner was appointed to hold an office or was merely employed to teach. It is immaterial that the Civil Practice Act provides the remedy of quo warranto to test title to a public office. The Legislature which passed the Civil

Practice Act was not superior to the Legislature which passed the Education Law. Sections 890 and 891 of the Education Law clearly gave the Commissioner of Education the right to affirm or reverse the action of the board of education in appointing the petitioner. (*People ex rel. Board of Education* v. *Finley*, 211 N. Y. 51.) The person entitled to take the appeal was " any person conceiving himself aggrieved." The respondent was a resident and taxpayer of the city of New York. He was financially interested in the question whether city moneys, of which taxes collected from him formed a part, should be devoted to paying the salary of an illegally appointed superintendent. He was one of the public of the city of New York, and was concerned in the proper administration of its school system. The statute certainly contemplated that some one might be aggrieved by an act of the board of education in making an appointment of a district superintendent. Who could have a greater grievance than the respondent Wile? Certainly the board of education would not appeal from an act performed by it. Certainly no minority member of the board could have a grievance greater than that of the respondent. Members of the board are merely trustees for others, among whom is the respondent Wile. In the case cited it was held that the superintendent of schools of the city of New York was an aggrieved person entitled to take an appeal from an act of the board of education. The school system of the city of New York does not exist for the benefit of the city superintendent. He acts for the public, and a member of the public would have a just grievance if the superintendent had one. The further point is made that the Commissioner has prejudged the case and is disqualified from acting. It appears that the Commissioner's opinion upon the propriety of the appointment of the petitioner was requested by the board of education and that he rendered an opinion against her. It was his duty to render the opinion. (Education Law, § 94.) It was equally his duty to hear an appeal. He could not by the performance of one duty be ousted from the performance of the other.

The order should be affirmed, with costs and disbursements.

All concur.

Order affirmed, with ten dollars costs and disbursements.