LOUIS H. NEUBECK, Plaintiff, *v.* WILLIAM F. MCDONALD, Defendant.

Supreme Court, Erie County, February 9, 1927.

**Judgments — declaratory judgment — complaint after reciting dispute between parties asks for declaration of rights of parties under Civil Practice Act, § 473 — complaint cannot be dismissed for insufficiency in advance of trial.**

In an action for a declaratory judgment, pursuant to section 473 of the Civil Practice Act, a complaint which recites the details of a dispute between the parties and requests the declaration of rights states facts sufficient to constitute a cause of action, and consequently a motion at the opening of the trial to dismiss such a complaint for insufficiency must be denied.

The final exercise of the court's discretion, either to declare the rights and legal relations of the parties or to decline to pronounce a declaratory judgment, as provided in rule 212 of the Rules of Civil Practice, cannot be anticipated by a court at Special Term nor by the trial court in advance of the trial. The court's discretion cannot be exercised until such time during the trial as the court can properly make a final determination.

MOTION to dismiss complaint in action for a declaratory judgment.

*Thurman W. Stoner*, for the plaintiff.

*Charles C. Page*, for the defendant.

HINKLEY, J. This action was reached for trial at a regular Equity Term of the court. The complaint asks for a declaratory judgment under section 473 of the Civil Practice Act. At the opening of the trial defendant moved to dismiss the plaintiff's complaint upon the ground that the complaint does not state facts sufficient to constitute a cause of action.

Neither by section 473 of the Civil Practice Act nor by any authoritative decision has any limit been placed upon the power of the court to declare the legal rights or other legal relations of the parties to such an action. The phrase " whether or not further relief is or could be claimed," contained in section 473 of the Civil Practice Act, would certainly indicate that a declaratory judgment might properly be asked and granted, in order to determine, as is the purpose of this action, whether another action would lie.

Until some limitation is placed upon the power of the court to grant a declaratory judgment, the recital of a dispute between the parties and a prayer for relief constitute a valid complaint. It follows, therefore, that the complaint in this action, which sets forth the details of a dispute between the parties to the action and requests a declaration of rights and other legal relations of the parties thereto, states facts sufficient to constitute such a cause of action. The final exercise of the court's discretion either to declare the rights and legal relations of the parties or to decline to pronounce a declaratory judgment, as provided in rule 212 of the Rules of Civil Practice, cannot be anticipated by a court at Special Term nor by the trial court, in advance, and not until such time during the trial as the court can properly make such final determination.

Motion to dismiss plaintiff's complaint denied, with ten dollars costs, and trial ordered to proceed.