WALTER E. KELLEY and Others, as Executors and Trustees under the Last Will and Testament of DAVID J. KELLEY, Deceased, and Others, Plaintiffs, *v.* THE PRUDENCE COMPANY, INC., and Others, Defendants.

Supreme Court, Bronx County, September 8, 1932.

*Lawrence R. Condon* [*Charles P. Connell* and *Osborne A. McKegney* of counsel], for the plaintiffs.

*Van Vorst, Siegel & Smith* [*Alex B. Siegel* of counsel], for the defendants Prudence Company, Inc., Realty Associates and Prudence Bonds Corporation.

McGEEHAN, J. The action is for a declaratory judgment. A trust indenture, under which bonds have been issued, is involved. The plaintiffs, executors and trustees of an estate, are owners of a substantial amount of such bonds. They have instituted the action on behalf of themselves and all other bondholders similarly situated. The defendants are the obligors of the bonds, the trustee and two corporations alleged to have some interest unknown to the plaintiffs. It appears one of them is the guarantor. The bonds mature in 1961. There have been no defaults in the payment of principal or of interest.

What are the plaintiffs seeking? In their prayer for relief they ask for a declaration and an adjudication by the court with respect to certain terms and provisions of the indenture and of the rights of the obligor and the bondholders as regards the valuation and the disposition of the pledged property. They do not seek to oust the trustee but ask for a construction of the indenture.

A reading of the terms and provisions of the indenture, a consideration of the allegations of the complaint (which on this motion must be accepted as true), the arguments (oral and written) of opposing counsel, and a regard of all facts and circumstances, make the court loath in the first instance to terminate this action, which would be the practical result were the motion granted.

Despite contentions to the contrary, it appears there is a real controversy here which, under the authorities, should be settled, not upon a motion but by a trial. This being the conclusion, the allegations of the complaint and the conflicting claims of construction need not be fully set forth or commented upon at this stage of the action.

What is the purpose of a declaratory judgment? The statute (Civ. Prac. Act, § 473) provides that it is " to declare rights and other legal relations on request for such declaration whether or not further relief is or could be claimed." Rights and other legal relations appear to be involved here. Rule 212 of the Rules of Civil Practice defines this power to be a discretionary one. (See *Neubeck* v. *McDonald,* 128 Misc. 768.)

In *James* v. *Alderton Dock Yards* (256 N. Y. 298, 305) the court said: " The general purpose of the declaratory judgment is to serve some practical end in quieting or stabilizing an uncertain or dis-

puted jural relation either as to present or prospective obligations [citing cases]. No limitation has been placed or attempted to be placed upon its use, and yet this main purpose underlies the exercise of discretion."

In *Post* v. *Metropolitan Casualty Insurance Co.* (227 App. Div. 156; affd., 254 N. Y. 541), where the facts were found to be simple and a denial of the defendant's motion to dismiss the complaint was upheld, the following statement appears (at p. 159): " Defendant's claim is in effect that, in order to secure a declaratory judgment, plaintiff must have a present, rather than a contingent, right, that defendant must have invaded that right, so that plaintiff would have a present cause of action for damages or other appropriate remedy. One wonders what good purpose section 473 of the Civil Practice Act was intended to serve. It was designed to supply the need for a form of action that would set controversies at rest before they led to the repudiation of obligations, the invasion of rights and the commission of wrongs. The benevolent purposes of the statute should not be thwarted by narrow and technical construction."

A dispute such as the one now under consideration has been referred to as " the most fruitful field " for resort to the statute. (*Loesch* v. *Manhattan Life Insurance Co.*, 128 Misc. 232; affd., 220 App. Div. 828.) This complaint must be liberally construed with a view to substantial justice between the parties. (Civ. Prac. Act, § 275.) These plaintiffs are in a large sense parties interested in the indenture. The trustee has joined issue in this action.

The remaining defendants argue that the plaintiffs have brought this action on their own behalf. The caption of the summons and the complaint, as well as certain allegations of the complaint, seem to refute this argument. The defendants further argue that the complaint is insufficient in that it fails to allege a demand upon the trustee to institute the action and its refusal or disqualification to do so. It is true there are no such allegations. But a consideration of the language of the statute, the "facts and circumstances rendering it useful and necessary " (*James* v. *Alderton Dock Yards, supra*) and its " benevolent purposes " (*Post* v. *Metropolitan Casualty Insurance Co., supra*), as applied to the allegations of this complaint, would seem in the interest of substantial justice to require an expeditious declaration and adjudication which may effectively be had in the manner sought. Finally, there is the argument that non-compliance with the provisions of the indenture specifying the conditions under which an action may be instituted by any one or more of the bondholders defeats the action which it is contended may be brought only by the trustee. The purpose

of such provisions, which must be construed strictly against those who prepared the indenture, was hardly intended to apply to an action of this character instituted on behalf of all the beneficiaries. Indeed, the wording of the particular clause relied upon would so indicate. Its stated purpose is " to promote and protect the equal ratable rights of every holder of the bonds and to avoid a multiplicity of suits." If that is what the defendants really desire, it appears it may be obtained in this action. Accordingly, the motion is denied.