CINEMA CORPORATION OF AMERICA, Plaintiff, *v.* CECIL DE MILLE and Others, Defendants.*

Supreme Court, New York County, January 4, 1933.

*McFarlane & Monroe*, for the plaintiff.

*Nathan Burkan*, for Cecil De Mille.

*Jesse A. Levinson*, for Konrad Bercovici.

SHIENTAG, J. Judgment on the pleadings may be directed in an action for a declaratory judgment where it appears (1) that the action is one which the court in its discretion will entertain; (2) that no issue of fact is raised by the pleadings, and (3) that on the law plaintiff is entitled to the relief sought. All three conditions are here met. Talking motion pictures were not in existence at the time the contract here involved was entered into. Defendant Bercovici contends that under the contract plaintiff

---

* Affd., 240 App. Div. 879.

did not acquire talking motion picture rights. The answer is two-fold: 1. By his contract Mr. Bercovici divested himself of all property in the story he wrote. 2. In any event, Bercovici did " rescind all rights in the said book, dramatic rights, moving picture rights, royalties on the sale of the book and from serial rights." Even if it be assumed that Bercovici gave up only those rights specifically enumerated, talking motion picture rights must by necessary implication follow as part of the combined dramatic rights and moving picture rights. Motion pictures when first presented in silent form were a new art. They lacked one essential of stage plays performed by living actors in the presence of the audience — the audible speaking of lines, and so it was that silent motion picture rights were recognized by the courts as something separate and apart from what had always been known as dramatic rights. However, the talking motion picture combines the pictorial element of the old silent pictures with the new element which was formerly inseparable from dramatic rights, viz., the audible reproduction of words. If the various recognized forms of rights in a story are split up so that one person becomes the owner of the silent motion picture rights and another person becomes the owner of the dramatic rights, a party wishing to make a talking motion picture of that story would have to obtain the permission both of the owner of the silent motion picture rights and the owner of the dramatic rights. Each one controls an element essential to the production of a talking picture. But where the same person owns both the silent picture rights and the dramatic rights he owns everything necessary to the making of a talking motion picture, and he necessarily must own the talking picture rights. For the purposes of this ruling it is immaterial whether in writing the story Bercovici followed De Mille's outline. Plaintiff is entitled to judgment on the pleadings. Settle order providing for twenty days' stay of execution. No costs will be allowed.