SEVENTY-NINE DELANCEY CORPORATION, Appellant, *v.*
MERIDAN HOLDING CORPORATION, Respondent.

Argued April 7, 1941; decided July 29, 1941.

*Adolph Feldblum, Abraham M. Weinberg* and *Leon Reeder* for appellant. The plaintiff is seeking a declaratory judgment in accordance with section 473 of the Civil Practice Act. The case satisfies all of the requirements of an action for a declaratory judgment. (*Post* v. *Metropolitan Casualty Ins. Co.*, 227 App. Div. 156; 254 N. Y. 541; *Loesch* v. *Manhattan Life Ins. Co.*, 128 Misc. Rep. 232; *Finch* v. *Unity Fee Co.*, 211 App. Div. 430; 242 N. Y. 589; *Blanshard* v. *City of New York*, 262 N. Y. 5; *Rosenblum* v. *Manufacturers Trust Co.*, 245 App. Div. 333; *American Fire Prevention Bureau, Inc.*, v. *Rockwood Sprinkler Co.*, 244 App. Div. 423; *Seely* v. *Seely*, 164 App. Div. 650; *Felt* v. *Germania Life Ins. Co.*, 149 App. Div. 14; *Clark* v. *Levy*, 130 App. Div. 389.)

*Jacob I. Berman* for respondent. The time for the final exercise of the discretion to pronounce a declaratory judgment would seem to be when the case had reached the judgment stage, and ought not to be anticipated by the Special Term, nor by the trial court in advance. (*James* v. *Alderton Dock Yards, Ltd.*, 256 N. Y. 298; *Colson* v. *Pelgram*, 259 N. Y. 370; *Neubeck* v. *McDonald*, 128 Misc. Rep. 768; *Ufa Films, Inc.*, v. *Brill*, 134 Misc. Rep. 129; 226 App. Div. 869; *Post* v. *Metropolitan Casualty Ins. Co.*, 227 App. Div. 156; *Trustees of Columbia University* v. *Kalvin*, 226 App. Div. 775; *Leary* v. *Leary*, 253 App. Div. 790; *Liberty Bank of Buffalo* v. *High Park Development Co.*, 134 Misc. Rep. 733.)

*Per Curiam.* On June 25, 1910, Manhattan Holding Company became the owner of property in the borough of Manhattan then known as Nos. 103–105–107 and a portion of 109 Orchard street. It comprised the two properties involved in the present action — the building now known as

Nos. 77–79 Delancey street (presently owned by the plaintiff) and the building abutting upon the east known as Nos. 103–107 Orchard street (now owned by the defendant).

On August 14, 1914, Manhattan Holding Company, then the owner of the entire property, conveyed to The Bank of United States the property known as Nos. 77–79 Delancey street on which is erected a six-story building. On that date, August 14, 1914, as an incident to the conveyance last mentioned, an agreement was entered into between the grantor Manhattan Holding Company and the grantee The Bank of United States which provided in part:

" III. The party of the first part [Manhattan Holding Company] further covenants and agrees and does hereby release the party of the second part [The Bank of United States] from any claim for rent for use and occupation of the premises owned by the party of the first part for the period beginning July 1st, 1913 and ending with the date hereof during which period the said party of the second part occupied said premises; in consideration of which the said party of the second part covenants and agrees perpetually to furnish the building owned by the party of the first part at said southwest corner of Orchard and Delancey Streets and abutting the bank building free of any charge or cost to the party of the first part, with hot water and for and during such times as the weather conditions may require, with steam heat, in such quantities as shall be sufficient to adequately heat such premises and also at all times to maintain engines on its premises and pump the water to the tanks on the building owned by the said party of the first part as above recited so that such building shall at all times have sufficient water supply. It is mutually covenanted and agreed that the covenants in the paragraphs marked ' II ' and ' III ' hereof, shall run with the lands thereby affected."

The defendant is the successor to the grantor, Manhattan Holding Company. The plaintiff, as the successor to the grantee, The Bank of United States, is furnishing heat and hot water to the defendant in accord with the covenant quoted above.

In this action the plaintiff seeks a declaratory judgment adjudging that the covenant quoted above did not enure to the benefit of the defendant; that it requires the performance of affirmative acts and is not a covenant running with the lands thereby affected so as to charge the plaintiff with the burden of performance. (*Miller* v. *Clary*, 210 N. Y. 127.)

The defendant asserts that a covenant by the defendant's predecessor to allow the plaintiff and its predecessors a right of way over defendant's property, entered into simultaneously with the covenant to furnish heat and hot water, was intended as part consideration for the latter covenant and thus makes it binding upon the plaintiff; that the price paid for the plaintiff's property was reduced in an amount corresponding to the burden upon the owner of that property to furnish heat and hot water; that the plaintiff took with notice of the burden and in equity it should be enforced against the plaintiff.

In these circumstances, where it does not clearly appear that only questions of law are involved, we deem it advisable that the parties be left to other remedies. This is not a proper case for a declaratory judgment. (Rules Civ. Prac. rule 212; *James* v. *Alderton Dock Yards, Ltd.*, 256 N. Y. 298, 304, 305; *Colson* v. *Pelgram*, 259 N. Y. 370, 377; *Newburger* v. *Lubell*, 257 N. Y. 383, 386. Cf. *New York Foreign Trade Zone Operators, Inc.*, v. *State Liquor Authority*, 285 N. Y. 272, 277; *Guide Escort Service, Inc.*, v. *Moss*, 260 App. Div. 920; leave to appeal denied, 285 N. Y. 857.)

The judgment should be affirmed, with costs.

LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur; LEHMAN, Ch. J., taking no part.

Judgment affirmed.