JOHN DONOVAN, Plaintiff, *v.* IRVING REYNOLDS, Defendant.

Supreme Court, Special Term, Westchester County, June 3, 1946.

*Benjamin C. Harvey* for plaintiff.

*Harry G. Herman, Corporation Counsel,* for defendant.

COYNE, J. This is an action for a declaratory judgment in which plaintiff seeks a judgment declaring a vacancy on the Board of Education of the City of Mount Vernon, and a direction requiring the Mayor of the said city to fill the vacancy, if one be decreed, in accordance with the appropriate provisions of the Education Law.

The preliminary procedural objections of the defendant are first disposed of. Presumably, the application for judgment herein is made pursuant to section 476 of the Civil Practice Act and rule 112 of the Rules of Civil Practice. Judgment on the

pleadings may be directed in an action for a declaratory judgment when it appears that (a) the action is one which the court in its discretion will entertain, (b) no issue of fact is raised by the pleadings, and (c) the party is entitled to relief on the law (*Cinema Corporation of America* v. *De Mille,* 149 Misc. 358; *Delancey Corp.* v. *Meridan Holding Corp.,* 286 N. Y. 354, 357). The remedy of declaratory judgment may be invoked where the question involves the interpretation of a statute (*Dun & Bradstreet, Inc.,* v. *City of New York,* 276 N. Y. 198, 206). Under rule 112 of the Rules of Civil Practice, the court may grant judgment to either party, without regard to which party makes the motion.

No issue of fact is raised by the pleadings herein. The allegations contained in the paragraphs of the complaint numbered " 1 " and " 2 ", of which defendant denies knowledge or information sufficient to form a belief, are matters of public record. A denial of such matters raises no factual issue (*Tauber* v. *National Surety Co.,* 219 App. Div. 253; *Zaveloff* v. *Zaveloff,* 37 N. Y. S. 2d 46, 51). The issue presented is purely one of law, and poses the question as to whether the defendant, as a member of the Board of Education of the City of Mount Vernon, is obliged to take the oath of office required by section 1 of article XIII of the New York State Constitution and section 10 of the Public Officers Law. It is conceded that no oath has been filed, it being the contention of defendant that such an oath is unnecessary under the express provisions of section 223 of the Education Law.

The existing public school system being administered by the Board of Education of the City of Mount Vernon is a city school district. The boundary lines of the school district are coterminous with the boundary lines of the city of Mount Vernon. Article 8 of the Education Law is entitled " School District Officers; General Provisions ". Section 223 of the said article entitled " Oath of Office ", provides: " No officer of a school district nor trustee of a public library shall be required to take the constitutional oath of office." A " School officer " is defined in subdivision 13 of section 2 of the Education Law as follows: " The term ' school officer ' means a clerk, collector, or treasurer of any school district; a trustee *or member of a board of education or other body in control of the schools by whatever name known in a union free school district or in a city;* * * * or other elective or appointive officer in a school district or city whose duties generally relate to the administration of affairs connected with the public school system." The provisions of the foregoing statutes are clear and explicit. They are

not limited or restricted, or confined to rural or union free school districts as contended by plaintiff. They are general provisions and are to be given general application. In the opinion of the court a member of the Board of Education of the City of Mount Vernon is a school officer or officer of a school district, and as such is exempt from taking the constitutional oath of office by express provision of statute. In view of the conclusion reached, there is no occasion to consider other points urged by the defendant.

Plaintiff's application is denied, and judgment granted in favor of defendant on the law.