WILLIS CUDNEY, Plaintiff, *v.* FRANCIS T. SPAULDING, as Commissioner of Education of the State of New York, et al., Defendants.

Supreme Court, Special Term, Albany County, April 27, 1948.

*William H. Fitzgerald* for plaintiff.

*Monroe Davis* for Board of Education of Fallsburg Central School District No. 1 and another, defendants.

*Charles A. Brind* and *Robert C. Killough* for Francis T. Spaulding, as Commissioner of Education of the State of New York.

BOOKSTEIN, J. Plaintiff, a taxpayer of the town of Mamakating, Sullivan County, New York, brings this action for a declaratory judgment, as follows:

(1) Against defendant, Commissioner of Education of the State of New York, declaring illegal *ab initio* (a) the enumeration of the population of Fallsburg Central School District No. 1; (b) the creation by the Fallsburg Central School District No. 1 of a school superintendency; (c) the appropriation of $48,000 per year State aid to defendant, Fallsburg Central School District No. 1.

(2) Against defendant, Board of Education of Fallsburg Central School District No. 1, declaring illegal and void *ab initio* (a) the request for the aforesaid enumeration, and (b) the appointment of Leon J. Weiss as superintendent of said district.

Additional relief demanded is a permanent injunction restraining the defendant, Commissioner of Education, from granting or allowing to defendant, Fallsburg Central School District No. 1 the sum of $48,000, or any sum, per year in State aid; permanently enjoining the defendant, board of education, from submitting or causing to be submitted payrolls for moneys to be paid to defendant, Leon J. Weiss, as superintendent of schools of said district; permanently enjoining and restraining defendant Leon J. Weiss from performing the duties of superintendent of schools of Fallsburg Central School District No. 1; and adjudging that all moneys heretofore paid to Leon J. Weiss as superintendent of schools of said district were illegal and void,

and directing defendant, Leon J. Weiss, to refund all said moneys.

All of the defendants join in a motion to dismiss the complaint, on the ground that it fails to state facts sufficient to constitute a cause of action and on the ground that the court has no jurisdiction over the subject matter of the action.

The basic and fundamental question involved is whether or not a central school district has the right to appoint a superintendent of a central district school; if it has, then (with the possible exception of one claim made in the complaint, which will be treated separately), plaintiff is entitled to none of the relief which he seeks and, if that situation is disclosed on the face of the complaint, there exists no justiciable controversy warranting the plaintiff in invoking the jurisdiction of this court to grant a declaratory judgment and defendants are entitled to the relief sought.

In determining the question presented it must be borne in mind that, for the purposes of this motion, all of the factual allegations of the complaint are deemed to be admitted and true.

The complaint does not allege any facts showing that the defendant, Fallsburg Central School District No. 1 was not duly organized under the provisions of law governing the organization thereof. Plaintiff's quarrel seems to be with the proposition that a central school district when duly organized does not have the power to create the position of a superintendent and to fill it.

The central school district in question was organized in 1946.

Section 183 of the Education Law, which since has been renumbered without change and now is section 1804, and which was in effect when the defendant, Fallsburg Central School District No. 1, was organized, by subdivision 1 thereof, provided as follows: " Each such central school district shall be managed by a board of education consisting of five, seven or nine members, which board shall have the same powers and duties as boards of education in union free school districts as prescribed by this chapter. Except as provided in this article, all the provisions of this chapter or of any other general law relating to or affecting union free school districts shall apply to central districts organized as herein provided."

Section 312 of the Education Law (now § 1711), so far as applicable at the time when the enumeration was requested, provided as follows:

" 1. In any union free school district having a population of four thousand five hundred or more, which fact shall be

determined by the commissioner of education, as herein provided, the board of education may appoint a superintendent of schools.''

'' 2. * * *.''

'' 3. The board of education of any union free school district may by resolution duly adopted and entered upon its minutes request that an enumeration of the inhabitants of such district be made. The commissioner of education *may* thereupon cause an enumeration of the inhabitants to be made, the expense of such enumeration as certified by him to be paid by the district in whose interest it is made. The population shown by the last state or federal census or village enumeration for city, village or town may be accepted by said commissioner whenever such city, village or town shall be wholly within or coincide with the boundaries of the school district.''

The only difference between the foregoing provisions and the provisions as they existed at the time when the enumeration complained of was requested is in the second sentence of subdivision 3 in which the fifth word of the sentence was changed from '' shall '' to '' may ''.

Pursuant to the foregoing provisions of law, the defendant, Board of Education of Fallsburg Central School District No. 1, on or about April 10, 1946, requested an enumeration of the inhabitants of the district for the purposes of determining whether the district contained 4,500 or more persons and the defendant, Commissioner of Education caused that enumeration to be made and as a result found the population of said Fallsburg Central School District No. 1 to be in excess of 4,500. Thereupon, the Board of Education of said Fallsburg Central School District No. 1 appointed the defendant, Leon J. Weiss, superintendent of said district school.

Under subdivision 1 of section 183 of the Education Law, now section 1804 thereof, and section 312, now section 1711 thereof, it is crystal clear that the Legislature intended, except as provided in present article 37 of the Education Law, that all of the provisions of the Education Law '' or of any other general law relating to or affecting union free school districts '' should '' apply to central districts organized as '' provided in said article 37 of the Education Law. It necessarily follows that a central school district has the same right to appoint a superintendent of schools as has a union free school district, if such central school district has a population of 4,500 or more and such fact is determined by the Commissioner of Education after a resolution duly adopted and entered upon the minutes of the

board of education requesting the Commissioner of Education to make an enumeration of the inhabitants of such district.

The complaint alleges the organization of the central school district; the resolution of the board of education for an enumeration; the making of the enumeration and its result; and the appointment of the superintendent and alleges that the acts were purported to be done pursuant to the aforesaid section 312, now 1711, of the Education Law and then alleges that the defendant, Commissioner of Education, or someone in his behalf, illegally authorized and empowered the defendant Board of Education of Fallsburg Central School District No. 1 to elect its own superintendent of schools. This conclusory allegation in the complaint, is merely plaintiff's characterization of the acts already described, which appear to this court to have been perfectly legal and precisely what the statute authorized the board to do. Indeed in paragraph "8" of the complaint, specifying somewhat more fully the alleged illegality, plaintiff says that the illegality consisted of the fact that the action was "contrary to the provisions of the Education Law of the State of New York in full force and effect at that time, in that said law did not contemplate the creation or existence of a central school district with the authority and privileges of a union free school district, as defined in the Education Law of the State of New York, for the purpose of electing their own superintendent of schools."

On the contrary, it seems clear that what plaintiff claims is illegal, because not authorized by the statute, is perfectly legal because it is precisely one of the things that is specifically authorized by the statute.

To the extent, therefore, to which plaintiff bases his cause of action on his construction of the Education Law, which construction this court finds to be erroneous, the complaint fails to state a cause of action.

However, plaintiff further alleges in paragraph "6" of the complaint, upon information and belief, that the enumeration made by the defendant, Commissioner of Education "was false and fraudulent in that there were not, as required by the Education Law of the State of New York, at the time said enumeration was taken, 4,500 or more bona fide inhabitants in the area of which Fallsburg Central School District No. 1 is comprised."

Paragraph "6" of the complaint contains no factual allegations, showing in what manner the enumeration was fraudulent or false, except the bald statement, upon information and belief,

that " at the time said enumeration was taken ", there were not
" 4,500 or more bona fide inhabitants in the area " comprising
the central school district in question. In such case, the allega-
tion in question could well be regarded as pleading a legal
conclusion rather than facts.

Since a pleading, when tested for sufficiency, on a motion
such as this, is entitled to a liberal interpretation, perhaps,
even disregarding the charge of falsity and fraud, this allega-
tion might be construed as alleging factually that the popula-
tion of the district was less than 4,500 when the enumeration
was made by the defendant Spaulding. The pleader does not
allege what the population was at the time but rests on the
allegation that the population was less than 4,500.

Of course if it is true that at the time of the enumeration,
the population of the district was less than 4,500, no authority
existed to appoint the defendant Weiss or any other person as
superintendent.

Whether the enumeration at a figure in excess of 4,500 was
erroneous, whether arrived at through honest error or through
fraud or falsity, presents a question of fact, which does not
justify this action for a declaratory judgment. If petitioner
is correct in that regard, he has an adequate remedy by an
appeal to the Commissioner of Education under section 310
of the Education Law and should be remitted to that remedy.

If any factual issue at all is alleged in the complaint, it is
on the correctness of the enumeration and as to that the remedy
by an appeal to the Commissioner of Education under section
310 of the Education Law is adequate.

A taxpayer is a " person conceiving himself aggrieved ",
within the meaning of that section. (*Matter of Nicol* v. *Commis-
sioner of Education*, 212 App. Div. 216.)

While it is true that section 310 of the Education Law does
not preclude redress to the courts in a proper case (*Matter of
Jacobson* v. *Board of Education of City of N. Y.*, 177 Misc. 809,
mod. 265 App. Div. 837, motion for leave to appeal 935), it has
been held specifically that the remedy under that section is
properly invoked where the action of a board of education in
appointing a district superintendent of schools is called into
question. (*Matter of Nicol* v. *Commissioner of Education,
supra.*)

It is true that the fact that another remedy may exist does
not necessarily preclude the right to the remedy of a declaratory
judgment. However, under rule 212 of the Rules of Civil Prac-
tice, some discretion is vested in the court as to whether or

not an action for a declaratory judgment should be entertained and, on that score, if the only issue tendered by the complaint factually, is the one as to the correctness of the enumeration, it seems to this court that the exercise of a sound discretion justifies the refusal to entertain the action.  If the court is correct in its conclusion as to the meaning of the provisions of the Education Law in question, it follows that plaintiff is not entitled to any of the relief, declaratory or injunctive, prayed for in the complaint.

With respect to the prayer for relief that the defendant, Commissioner of Education, should be permanently enjoined and restrained from granting or allowing to the defendant, Fallsburg Central School District No. 1, the sum of $48,000 or any sum per year in State aid, no cause of action is stated for such relief.

The matter of State aid is regulated by sections 3602 to 3605 and section 1806 of the Education Law.  The granting thereof is not dependent upon the question of whether or not a school district has the right to appoint a school superintendent.  Such aid rests upon an entirely different foundation and is allotted to those entitled thereto, by a prescribed formula.  Whether a school board makes expenditures unauthorized by law, either out of the funds received by it through local taxation or through the medium of State aid, is one question; the right to receive State aid is quite another.  Even if it were conceded, *arguendo,* that the Education Law does not permit the appointment of a superintendent by the defendant, Fallsburg Central School District No. 1, such unauthorized appointment is no bar to the State aid to which it is entitled nor is it any basis for enjoining the Commissioner of Education from allotting the same.

There is no claim that the defendant, Fallsburg Central School District No. 1, was not duly organized in accordance with law or that it does not duly and lawfully exist.

Accordingly, its right to State aid, as fixed by the foregoing sections of the Education Law, is in no way impaired by the appointment of the defendant, Weiss, as the central district school superintendent.

So far as the defendant, Weiss, is concerned, the complaint demonstrates that the appointment of defendant, Weiss, was regular in form, and its invalidity must be established, if at all, by affirmative proof of facts dehors the record, i.e., by proof of the enumeration of the population of the school district, at a figure less than 4,500.  The complaint questions his

title to his office and the following quotation from *Greene* v. *Knox* (175 N. Y. 432, 437, 438) is particularly apposite:—

"Here the question of title to office is not collateral or incidental, but on the contrary it is the central and pivotal question in the case. Until defendants' apparently regular titles to their offices are impeached there is no principle of law or justice under which the defendants can be deprived of their salaries. The salary of an office is property, the right to which depends upon the right to the office, and the former cannot be constitutionally taken away until the latter is destroyed. * * * it would be contrary to the orderly and just methods of judicial procedure to relegate public officers, first to an equity forum for the determination of their rights to salaries, and then to a legal forum for the trial of titles to office, with the incongruous possibility that in the former the court might decide that the payment of salaries should be enjoined, and in the latter a jury might affirm the validity of the titles to office upon which the rights to salaries depend. In the absence of some statute which expressly provides for such apparently unreasonable procedure, we shall adhere to the well established doctrine that ' quo warranto ' is the proper remedy whenever the title to office is the real thing at stake. * * * in a case where the title to office depends, not upon admitted facts or indisputable records, or the plain letter or fair construction of a statute, but upon disputable and extraneous facts, the question cannot be tried in a taxpayer's action brought to restrain payment of salaries, but must be tried in quo warranto, and until so tried the payment of salaries cannot be enjoined."

Since to this court there appears to be no question of law raised about which there can be any controversy, and since, at most, only a factual question is raised as to the correctness of the enumeration, and since, for the determination the only possible factual question, an adequate remedy at law exists, this is not a proper case for a declaratory judgment. (*79 Delancey Corp.* v. *Meridan Holding Corp.* 286 N. Y. 354.)

"Where there is no necessity for resorting to the declaratory judgment it should not be employed." (*James* v. *Alderton Dock Yards,* 256 N. Y. 298, 305.)

This court is mindful of the decision in *Neubeck* v. *McDonald* (128 Misc. 768) and *Baumann* v. *Baumann* (222 App. Div. 460) to the effect that the discretion vested in the court under rule 212 of the Rules of Civil Practice, as to whether or not it should pronounce a declaratory judgment, should not be exercised, until

the trial of an action. Even in the *Baumann* case (*supra*, p. 464) the holding was merely to the effect that, '' under the peculiar circumstances of this case '' the discretion should be exercised only upon the trial. In *79 Delancey Corp.* v. *Meridan Holding Corp.* (*supra*) the action was disposed of,. in advance of trial, on a motion to dismiss the complaint, made at Special Term, and the judgment of dismissal was affirmed, by the Court of Appeals.

The complaint fails to state facts sufficient to constitute a cause of action. Moreover, under the discretionary powers vested in the court under rule 212 of the Rules of Civil Practice and under the facts alleged in the complaint, this action for a declaratory judgment should not be entertained. The complaint is, therefore, dismissed, with costs.

Submit order.