McCurn, J.
This appeal is from an order denying defendant’s ' motion under rule 113 of the Buies of Civil Practice to dismiss the amended complaint on the ground that there is no merit to the action, and also denying a motion made hy the defendant under rule 112 for judgment on the pleadings. On an earlier appeal this court first reversed an order of *3 the Special Term denying the motion to dismiss the original complaint and granted the motions (274 App. Div. 847). Upon a reargument the order insofar as it denied the defendant’s motion for summary judgment under rule 113 was affirmed and the order denying the motion under rule 112 was reversed and that motion granted, with leave to the plaintiff to serve an amended complaint (274 App. Div. 1023). It is the amended complaint served pursuant to leave so granted that is the subject of the order now being appealed from.
The amended complaint alleges three causes of action. In 1942, the plaintiff became the owner of forty shares of defendant’s preferred stock of the par value of $100. The certificate provided that the holder thereof should be entitled to a dividend of 7% per annum which dividend shall be cumulative and payable before any dividend shall be set apart or paid on the common stock. There was no dividend paid between January 2,1930 and October 1, 1941, a period of eleven years. Since October, 1941, however, dividends have been paid at the rate of $7 per share annually. Plaintiff’s stock therefore is subject to cumulative dividends amounting to $77 a share. On May 20, 1946, a letter was sent out by the corporation to the plaintiff and other stockholders notifying them of a reorganization plan, together with a notice of a special meeting of stockholders to consider such plan to be held on the 25th day of June, 1946. The plan of reorganization insofar as it affected plaintiff and stockholders similarly situated provided that five shares of new preferred stock at a par value of $25 per share with annual cumulative dividends of $1.50 per share be exchanged for each share of the old preferred stock. On June 21,1946, the plaintiff sent a letter to the defendant notifying it that he objected to the proposed reclassification and that he demanded an appraisal and payment for his stock pursuant to the statute. On June 24, 1946, the defendant notified the plaintiff that it had elected to redeem the forty sháres of preferred stock held by him at $110 per share in accordance with the redemption provision in the stock certificate held by the plaintiff. On June 25,1946, a special meeting of the stockholders was held and the reclassification plan approved and accepted. Although plaintiff communicated by letter with the defendant to the general effect that upon redemption he was entitled to be paid the accumulated dividends upon his stock and if not so paid he intended to institute a proceeding for an appraisal, nevertheless plaintiff took no steps to bring about an appraisal of the stock as provided for in section 21 of the Stock Corporation Law.
*4 The plaintiff in his first cause of action alleges that on June 24, 1946, when his stock was called for redemption that the corporation had on hand a surplus of $370,607.53 which sum he alleges was sufficient to pay in full all cumulative dividends upon the preferred stock such as he held. He asserts that his stock carries with it an interest in the surplus to the extent of the undeclared accumulated dividends. He asks as to his first cause of action a declaration as to his rights in the accumulated dividends.
In plaintiff’s second cause of action set forth in the amended complaint he alleges that the reclassification plan was in effect a scheme to deprive the holders of the old preferred stock of any claim in the earned surplus of the corporation and to transfer the benefit in such "surplus to the holders of the new stock under the reclassification plan. He alleges that he, and other holders of the preferred stock, are entitled to payment of the accumulated dividends out of the corporation surplus, or that in any event he should now be given the opportunity and the right to take the new stock as contemplated in the reclassification plan. He asks for a declaration of his rights in the premises.
The plaintiff in his third cause of action alleges in substance that the defendant by falsely representing the financial status of the corporation and by the act of calling for the redemption of plaintiff’s stock after plaintiff had given notice of his objection and desire for an appraisal, that the defendant through its officers and directors breached its fiduciary obligation to the plaintiff.
In connection with the third cause of action it is to be noted that plaintiff’s objection to the reclassification plan was dated and mailed on June 21, 1946. The notice that the defendant had elected to redeem the plaintiff’s stock was dated and mailed on June 24, 1946. The reorganization meeting at which the reclassification plan was adopted was on June 25, 1946. The plaintiff was the only stockholder whose stock the defendant elected to redeem in accordance with the redemption provision of the stock certificate.
In his prayer for relief, plaintiff demands first that the rights and relations of the parties be declared and adjudged. More specifically he asks for a declaration (1) that he is entitled not only to the call price of $110 per share but also to the accrued but undeclared dividends from 1930 to 1941; (2) judicial annulment of the entire reorganization; (3) a declaration of his right to exchange his old shares for the new shares in accordance with the reorganization plan; (4) that the defendant be enjoined *5 from paying any dividends upon the new stock unless and until cumulative dividends have been paid on the old stock.
The action is clearly one for a declaratory judgment. In our opinion the pleadings here present a situation where the court in the exercise of its discretion may properly proceed to declare the rights and legal relations of the parties (see Civ. Prac. Act, § 473, and Kelley v. Prudence Co., 144 Misc. 651). A complaint in an action for a declaratory judgment should not be dismissed as insufficient merely because the court is of the opinion that the plaintiff is not entitled to a declaration of rights as he claims them to be. Where it is found that the complaint states a good cause of action for declaratory judgment and the facts are not in dispute a declaratory judgment should be pronounced upon the disputed question of law even though such declaration is not in accord with the declaration asked for by the plaintiff. To dismiss the complaint under such circumstances is inconsistent and improper practice (Rockland Light and Power Co. v. City of New York, 289 N. Y. 45, 50-51; Strobe v. Netherland Co., 245 App. Div. 573, 576 [4th Dept.]; Manufacturers and Traders Trust Co. v. Bell, 270 App. Div. 796 [4th Dept.]; Bradford v. Utica Mut. Ins. Co., 179 Misc. 919).
Where the facts need to be clarified the motion to dismiss should be denied (Borchard on Declaratory Judgments [2d ed.], p. 432; Neubeck v. McDonald, 128 Misc. 768).
Plaintiff’s claim is that the history of events beginning with his demand for an appraisal sent out on June 21st, the notice of redemption of his stock sent to him immediately upon receipt of his demand for an appraisal and consummation of the reclassification plan the next day on June 25th together with the fact that he was the only stockholder whose stock the officers attempted to redeem showed a breach of the fiduciary duty which the directors and officers of the corporation owed to him as a stockholder. The problem is not fully answered by saying that under its contract printed on the face of the stock certificate the corporation had the legal right to call plaintiff’s stock for redemption. The question remains as to whether in calling the stock for redemption at the time it did and under the circumstances then present, followed by its later refusal to exchange the new stock for the old was a breach of the fiduciary duty which the officers and directors of this corporation owe to the plaintiff. Although the acts of the directors and officers of the corporation with respect to plaintiff’s stock are undisputed, still there is involved the question of their motive and intent in so doing. It may be that there were circumstances present which fully *6 justified the action taken by them. On the other hand the circumstances when developed may fully support an inference of bad faith or overreaching, amounting to a breach of the fiduciary duty owed to plaintiff.
Upon the reclassification plaintiff’s only right was to either take the new stock or proceed with an appraisal under section 21 of the Stock Corporation Law. It seems quite clair that he had no other alternative (Anderson v. International Minerals & Chemical Corp., 295 N. Y. 343; McNulty v. W. & J. Sloane, 184 Misc. 835; see, also, Beloff v. Consolidated Edison Co., 300 N. Y. 11). Plaintiff’s allegations in his first and second causes of action to the effect that the directors of the corporation used the device of the reclassification to transfer the corporation surplus to the new stockholders and thus to defeat his interest in the accumulated but undeclared dividends upon his stock do not present a legally sound argument. That is precisely what the statute authorizes (See Stock Corporation Law, § 36; Anderson v. International Minerals & Chemical Corp., 295 N. Y. 343, supra, and McNulty v. W. & J. Sloane, 184 Misc. 835, supra). The interest of the dissenting stockholder is protected by his right to an appraisal. The plaintiff had a choice to accept the new stock or to proceed with an appraisal. He had no other remedy. The defendant’s present insistence that he has no right to the new stock and that his only recourse is to receive the redemption of his stock at $110 per share might well be determined upon a trial to be a coercive act on the part of the directors which is forbidden in view of the fiduciary duty which they owed to the plaintiff as a stockholder. The corporation, acting through its board of directors, is required to act in the common interest of all its stockholders. Upon reclassification, all holders of the same class of stock should receive equal treatment. It cannot single one stockholder out and punish him for voicing disapproval of the reorganization scheme. It is not permitted to surprise, catch off guard, overreach or oppress the minority stockholders and if that occurs equity may take steps to right the wrong (Kavanaugh v. Kavanaugh Knitting Co., 226 N. Y. 185).
We think that the declaration should rest upon the facts as developed upon the trial rather than upon the motion papers. The facts when clarified should disclose the true motive and intent of defendant’s officers in calling plaintiff’s stock for redemption and their refusal thereafter to let him have the new stock.
The order appealed from should be affirmed, with costs.
*7 All concur, except Vaughan, J., who dissents and votes for reversal and for granting the motion for summary judgment on the ground that the complaint fails to state any cause of action, and Piper, J., who dissents and votes for reversal and for granting summary judgment to plaintiff declaring his rights to take the new stock under paragraph 34 of the amended complaint. Present — Taylor, P. J., McCurn, Vaughan, Kimball and Piper, J J.
Order affirmed, with $10 costs and disbursements. [See post, p. 944.]