92 So.2d 180 (1957)
Emily JAMES, Appellant,
v.
Tom GOLSON, Appellee.
Supreme Court of Florida, Special Division B.
January 16, 1957.
Coe & Coe, Pensacola, for appellant.
Charles F. Wilson, Pensacola, for appellee.
TERRELL, Chief Justice.
Emily James filed her complaint in the Circuit Court of Escambia County in which she alleged that she executed a term lease to Richard Morris describing certain real estate on which was located a building to be used by the lessee. There was included with the lease a license to sell intoxicating liquors. The lease contained the following conditions:
"* * * and the Lessee agrees to pay for and maintain said licenses in full force and effect during the life of the lease and permit no lapse thereof, and that he shall have no power or right to transfer the said licenses to any third person or to any location other than the leased premises; and should default be made in the provisions of this lease or in the obligation of the lessee to maintain the said licenses in force the same shall immediately revert to the lessor, who shall be entitled by appropriate proceedings to require a transfer thereof to her or to her nominee, free of all claim of the lessee thereto."
*181 It is also alleged that the lessee held over after the expiration of the lease and that he transferred the liquor license to Joe Morris who failed to pay debts incurred for liquors in the sum of $5,000, on account of which the license was suspended in the manner provided by Sec. 561.42, Florida Statutes Annotated. In this situation Morris conveyed the license to Tom Golson who payed the $5,000 due by Morris for liquors and Golson was accepted as lessee by Emily James. Golson was conducting the business when this suit was brought so the complaint alleged that Golson claimed a lien adverse to appellant on the liquor license for the amount he paid to satisfy Morris' debt for the liquors. The complaint also alleged that Golson had "declared his intent to refuse, even upon a termination of his tenancy to re-transfer the license to her, unless he was reimbursed for his outlay." The complaint prayed for declaratory decree adjudicating he existence vel non of the lien. Answer was filed and on final hearing after evidence was taken the court dismissed the complaint on the theory that it was premature and that no justiciable controversy existed between the parties. This appeal was prosecuted by Mrs. James.
Appellant contends that the court below erred in holding that the action was premature and that no justiciable controversy existed. Appellee on the other hand contends that the rental agreement between him and Morris was oral and that as to appellee it was secured from a tenant who held over after expiration of the written lease and being so declaratory decree is not available to the landlord to determine rights that may possibly occur in the future growing out of the oral rental agreement.
The ultimate circumstances leading to this litigation were these: Golson advised Mrs. James that he would like to take over the property to which the liquor license was attached. Mrs. James agreed on condition that he pay her $250 per month rent. Golson replied that he could not do that because he was making improvements on the property and had to pay a number of debts of the former tenant Morris. He prepared a lease to the premises which provided:
"That at the expiration of this lease the lessee will sell to the lessor all right, title or interest in said business and shall transfer and assign to the lessor the beverage licenses upon payment of the sum of $4,900 and the payment of the appraised value of such fixtures as may be installed by the lessee."
He also stated that he had purchased the license from Morris and spent the amount named above in the lease for the license besides other amounts which he did on the assurance of appellant that it would be his. From this it appears that Mrs. James had a building to rent with a liquor license attached. The building was not worth much without the license and the license had little value without the building. Mrs. James was in other words faced with a tenant who had the license in his name and was by her permission in possession of the building on a monthly basis. A controversy between them would mean that Golson would hold the license pending disposition of the litigation. If she evicted him from the building, the chances were that she would not be able to get another satisfactory tenant until she could furnish him a liquor license. If she evicted him, it would probably destroy his business but if he held to the license he could do her great damage. It therefore became essential while the business was going and the license in force to settle the controversy. Hence this suit for declaratory decree.
To support her basis for this suit Mrs. James relies on Sec. 87.01, Florida Statutes Annotated, the pertinent part of which is as follows:
"* * * The circuit courts may render declaratory decrees, judgments or orders as to the existence, or non-existence:

*182 "(1) Of any immunity, power, privilege or right; or
"(2) Of any fact upon which the existence or non-existence of such immunity, power, privilege or right does or may depend, whether such immunity, power, privilege or right now exists or will arise in the future."
The court below raised no question as to this being the controlling law but apparently had the view that Golson was a tenant at will of Mrs. James and there being no proceeding in esse to enforce Golson's lien on the license or to evict him as tenant, the present action was premature. In Bryant v. Gray, Fla., 70 So.2d 581, this court approved the doctrine that contingent remedies would not activate declaratory judgments statute but in this case appellant is not seeking to avail herself of something arising or which may arise in the future. It is contended that her liquor license is now burdened with a lien and she seeks a declaratory decree to determine whether or not this is true.
In Ready v. Safeway Rock Co., 157 Fla. 27, 24 So.2d 808, and in other cases this court attempted to define circumstances under which the declaratory judgments statute could be invoked but the instances enumerated were not intended to be exclusive. Indeed under our system of jurisprudence new conditions may arise at any time that would authorize invoking the statute and we think the circumstances of this case do so. Florida National Bank of Jacksonville v. Rector, Wardens & Vestry of St. John's Parish, Fla., 45 So.2d 751; Rosenhouse v. 1950 Spring Term Grand Jury, Fla., 56 So.2d 445; Kelley v. Prudence Co., Inc., 144 Misc. 651, 259 N.Y.S. 59; Local No. 234, etc. v. Henley & Beckwith, Fla., 66 So.2d 818.
In the last cited case we said that showing must be made that there is a bona fide dispute between the parties and that the moving party has a justiciable question as to the existence of or non-existence of some right, status, immunity, power or privilege, which the movant is entitled to have clarified or removed. In another case we held that the right to declaratory relief does not depend upon the existence of an actual controversy but depends upon whether or not the movant shows that he is in doubt as to the existence or non-existence of some right, status, immunity, power or privilege, that he is entitled to have such doubts removed, and maybe secure appropriate relief.
It seems to us that there is ample basis for a bona fide dispute out of the facts revealed here. Can Golson hold Mrs. James' license for his claim against Morris? It is shown that Golson has possession of Mrs. James' house and her whiskey license, can he hold it to secure his claim of $4,900 against Morris? When the record shows the status of Mrs. James' whiskey license and the business of Golson to be as it is pointed out to be, there must be a justiciable controversy that requires adjudication by declaratory decree.
Section 87.05, Florida Statute Annotated, provides, among other things, that the listing of situations where jurisdiction attached in the preceding sections shall not be held exclusive. It further provides that the decree may be given "by way of anticipation with respect to any act not yet done or any event which has not yet happened, and in such case the said decree, judgment or order shall have the same binding effect with respect to that future act or event, and the rights or liability to arise therefrom, as if that act or event had already been done * * *."
It is accordingly our view that there was ample showing here to invoke the declaratory judgments statute. The fact that a controversy had not matured may not always be essential. It may be employed to anticipate irreparable mischief to *183 one's business so the judgment appealed from must be, and is hereby, reversed.
Reversed.
HOBSON, DREW and THORNAL, JJ., concur.