CARROLL, Judge.
Appellants, John Marconi and Catherine Marconi, his wife, filed suit for declaratory decree in the circuit court of Dade County against the appellees Samuel Schimmel and Irving E. Neiman. The complaint alleged that in 1954 James H. White and Catherine F. White, his wife, sold and transferred to James V. Alfano and Orsborne N. Genaw, a restaurant and beverage business with the liquor licenses incident thereto and leased to them the premises involved; that- the term of the lease was ten years, at a rental of $300 per month; that the lease provided for an extension of the term for five years at the option of the lessees; that no amount was fixed as rent for such extended period but provision was made in the lease for negotiation of the amount, and failing, agreement to arbitrate; that the purchaser-lessees sold the business and assigned the lease to Edward H. Wilson and Mary H. Wilson, his wife, in 1958; that thereupon the Wil-sons entered into a supplemental agreement with the lessors which, contrary to the lease as originally drawn, provided the liquor licenses would revert to the Whites, the lessors.
The complaint further alleged plaintiffs purchased the business together with an assignment of the lease from the Wilsons in 1960, and have continued in operation and *168 occupancy thereof; that in 1963 the original lessors sold the premises, subject to said lease, to the appellees Samuel Schimmel and Irving E. Neiman; that a dispute had arisen between the latter and the plaintiffs over the amount to be paid as rent during the five year extension period; that the provision in the lease for arbitration as to such rent was vague and insufficient; that the new lessors also had informed the plaintiffs they interpreted the lease and the supplemental agreement to entitle them to a return of the liquor licenses at the end of the term; and plaintiffs contended for an interpretation of the instruments to make them the owner of the liquor licenses, but alleged the parties were in doubt as to their rights as to the liquor licenses.
The lease and supplemental agreement were attached as exhibits to the complaint. The lease made provision for the five-year renewal at the end of the ten-year term, “upon the same terms and conditions, except for payment of rental,” and made provision that in event of default the lessees would be required to return the liquor license, otherwise it would belong to the lessee at the conclusion of the lease.
The supplemental agreement entered into between the lessors and the Wilsons as assignees of the original lessees, prior to the purchase of the business by the plaintiffs, recited the making of the original lease and that the Wilsons had become assignees thereof and had acquired the business. It contained two other paragraphs. One was with reference to consent of the lessors to the assignment of the lease to the Wilsons. The other paragraph provided that on termination of the lease the liquor licenses should revert to and become the property of the lessors James H. White and wife and that lessees would execute instruments necessary thereto.
In an amended complaint the plaintiffs added allegations that their effort to sell the business over a period of months had been hindered through the doubt as to whether, under the instruments involved, they owned the liquor licenses; that there was a bona fide dispute between the parties as to their rights and privileges under the lease with reference to ownership of the liquor licenses; and plaintiffs sought a declaratory decree to fix the amount of rental for the five-year extension, and to settle the doubt as to the ownership of the liquor licenses.
A motion to dismiss filed by the defendants was denied, and they answered contending that under the said instruments they were entitled, as successors to the lessors, to regain the liquor license at the end of the term.
The decree of the court fixed the amount of rental for the five year renewal period at $400 per month, but did not determine the rights of the parties as to the liquor licenses, holding the latter was premature.
We are unable to agree with the holding of the able trial judge that the plaintiffs were not entitled to have the instruments construed and a determination made as to whether they or the lessors would own the liquor license at the end of the term. The original lease and the supplemental agreement were in direct conflict as to ownership of the licenses. The defendants contended the supplemental agreement controlled and that thereunder the lessors would own the liquor license. The lessees relied on the provisions in the original lease, and also contended the supplemental agreement to the contrary was only a provision for security.
Where there is doubt as to the status of ownership or otherwise of a liquor license held incident to a lease of a business, and there is a dispute thereon between the parties, the rights of the parties may be determined under the declaratory judgment act (§§ 86.02, 87.03 and 87.05, Fla.Stat., F.S.A.) at suit of one of them, without need to wait for breach of contract or end of the lease term. Ready v. Safeway Rock Co., 157 Fla. 27, 24 So.2d 808; James v. Golson, Fla.1957, 92 So.2d 180; Bacon v. Crespi, Fla.App.1962, 141 So.2d 823.
*169 The case of James v. Golson, supra, is in point. Here, as was held in that case, the showing was sufficient to invoke the declaratory judgment statute for determination of conflicting claims of right of the parties to the liquor licenses without waiting until the end of the term. Such a preliminary decision thereof was authorized by Chapter 87 Fla.Stat., F.S.A. Moreover, the complaint in this case disclosed a need for present determination of the rights of the parties regarding the liquor licenses, to establish value of the business for purposes of its sale by the plaintiffs or otherwise.
Accordingly the judgment is affirmed as to the rent for the extension period, and is reversed and remanded for determination by declaratory decree of the rights of the parties with reference to ownership of the liquor licenses, that is, as to whether the lessors or the lessees, at the end of the term, will own the liquor licenses.
Affirmed in part and reversed in part and remanded.