DURDEN, WILLIAM L., Associate Judge.
This case involves the ownership of a liquor license. In a previous opinion this court held that the rights of the parties may be determined under by declaratory judgment without need to wait for a breach of contract or for an end of the lease term. See Marconi v. Schimmel and Neiman, Fla. App.1965, 181 So.2d 167.
The facts are fairly summarized in that opinion and will be repeated here only to the extent necessary to lay a predicate for a discussion of the points of law herein determined. Upon the going down of the mandate the trial judge determined that John Marconi and Catherine Marconi were and would be the owners of the liquor license at the termination of the lease. Samuel Schimmel and Irving E. Neiman prosecuted this appeal and we are required to pass upon the propriety of the determinations made by the chancellor below.
On August 4, 1954 James H. White and Catherine F. White, his wife, as owners and lessors, entered into what has been called a certain business-lease agreement with James V. Alfano and Osborn N. Genaw covering property described as a restaurant and cocktail lounge known as the “Pink Elephant” located on Biscayne Boulevard in Miami, Dade County, Florida. This business lease provided “that the liquor licenses now in the name of James H. White which are being transferred [to Alfano and Ge-naw] and which are otherwise secured by chattel mortgage thereon, shall be considered as other and additional consideration for the execution of the lease”.
This lease further prohibited the liquor licenses from being removed to another location.
The chattel mortgage from Alfano and Genaw to the Whites pledged all of the mortgagors’ right, title, equity and interest in the business known as the “Pink Elephant” including “transferrable license”. There is an extensive paragraph ,in this chattel mortgage dealing with the liquor licenses which provides that in the event of a default that the mortgagees would transfer the license back to the mortgagors.
It was the obvious intention of the parties at that time that Alfano and Genaw would own the liquor licenses provided they complied with the terms of the lease but in the meantime the liquor licenses were to serve as additional collateral and could be compelled to be reconveyed upon the occurrence of a condition subsequent, namely, a failure to comply with the terms of the business lease. It seems clear that no one could conclude otherwise than that Alfano and Genaw were the owners of the liquor licenses subject to a condition subsequent.
*24 On May IS, 1958 a broker representing Alfano and Genaw received from Edward H. Wilson and his wife, Mary H. Wilson, a $3,500.00 deposit and issued therefor a broker’s receipt acknowledging this sum as a part of the purchase price of the business or property, the language of which included the following: “This sale includes the name, goodwill, all of the equipment, fixtures and furnishings as per inventory heretofore attached along with the transfer of the beverage license and the present lease.”
On May 21, 1958 Alfano and Genaw assigned the lease between themselves and the Whites to Edward H. Wilson and his wife, and on the 2nd day of June 1958 the Whites consented to the assignment to the Wilsons.
On June 16, 1958 Alfano and the successor to Genaw executed a bill of sale to the Wilsons which was subject to the existing chattel mortgage and purchase money chattel mortgage running in favor of the Whites. Nothing is held back in this series of documents and it is apparent therefore that the Wilsons obtained whatever rights then rested in Alfano and Genaw.
A few days subsequent thereto, to-wit: On June 16, 1958 the Wilsons executed what is described as a supplement and addendum to the lease with the original lessors James F. White and Catherine F. White.' At that time it should be borne in mind that the Whites were the owners of the real property and entitled to whatever rights existed in favor of them as lessors. At that same time the Wilsons were the current assignees and purchasers of all rights which existed on the lessees side of the transactions. It was agreed in this document which was entitled “Supplement and Addendum to Lease — Pink Elephant”:
“THAT it is hereby agreed between the Parties hereto that upon termination of the said lease that the beverage licenses, to-wit: Liquor licenses in and to the said premises and business hereinabove referred shall immediately revert to and become the sole and absolute property of the lessors, JAMES H. WHITE and KATHERINE F. WHITE, his wife, and that the said Assignees,- EDWARD H. WILSON and MARY H. WILSON, his. wife, hereunder shall immediately upon termination of said lease reassign and reconvey to the said Lessors, JAMES H. WHITE and KATHERINE F. WHITE, his wife, all of said beverage licenses and said liquor license and do all things required and necessary and proper thereto and to execute all instruments to effect such reverter and reconveyance to the Lessors.”
In August of 1960 the Wilsons assigned to John Marconi and Catherine Marconi, his wife, their interest in the business heretofore described.
Subsequent thereto, in May of 1963, the lessors and owners of the premises, the Whites, sold, transferred and conveyed all of their right, title and interest in the premises to Samuel Schimmel and Irving E. Neiman. The question before this court below and which must also be determined here is whether or not Schimmel and Neiman will own the liquor licenses at the termination of the lease or whether or not the Mar-conis will own the liquor licenses.
The court below held that the supplemental agreement between the Whites and the Wilsons was of no effect and that therefore the Marconis will be the owners of the liquor licenses at the end of the lease.
The legal arguments asserted and upon which the judgment below .is based are intricate and have led to some hesitancy but the simple truth is that at the time of the execution of that document each set of parties were competent and advised.
They should be held to their agreement and if this makes the Wilsons responsible to the Marconis that is another matter.
Reversed and remanded.